No. 24,358.

MARY F. PRIEST, *Appellee*, v. KANSAS CITY LIFE INSURANCE COMPANY, *Appellant*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Incontestability Clause—Time for Contesting*. A clause of a life insurance policy making it incontestable after one year from its date requires a contest, in order to be effective, to be begun within that period, notwithstanding the insured dies before its expiration.

2. SAME—*Incontestability Clause—Validity of Limitation*. A clause of a life insurance policy making it incontestable after one year from its date is not invalidated by the statute which renders void "an agreement for a different time for the commencement of actions" from that fixed by the statute of limitations.

3. SAME—*Incontestability Clause—Public Policy*. The incontestability clause of a life insurance policy is not invalid as against public policy.

4. SAME—*Incontestability Clause—Manner of Contesting*. The incontestable clause of a life insurance contract requires it to be contested, if at all, by means of a proceeding in court begun within the time fixed.

1. Life Insurance, 37 C. J. 282; 31 A. L. R. 108; 32 A. L. R. 647.  2. Id.; 37 C. J. 276.  3. Id., 37 C. J. 276; 6 A. L. R. 448; 13 A. L. R. 647.  4. Id., 37 C. J. 276.

Appeal from Cloud district court; John C. Hogin, judge. Opinion on rehearing filed July 11, 1925. Judgment ordered for plaintiff. (For original opinion of reversal see 116 Kan. 421, 227 Pac. 538. For opinion denying a rehearing and a modification of judgment see 117 Kan. 1, 230 Pac. 529.)

*Robert Stone, George T. McDermott, Robert L. Webb, Beryl R. Johnson,* all of Topeka, *James C. Jones,* of St. Louis, Mo., and *Frank W. McAllister,* of Kansas City, Mo., for the appellant.

*Park B. Pulsifer, Clyde L. Short, Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt,* all of Concordia, for the appellee.

The opinion of the court was delivered by

Mason, J.: A judgment for the plaintiff upon a life insurance policy issued by the defendant to her husband was reversed. (*Priest v. Life Insurance Co.,* 116 Kan. 421, 227 Pac. 538, 117 Kan. 1, 230 Pac. 529.) Pending a new trial a point of law was raised by the plaintiff which if well taken would end the litigation, and in her behalf application was made for this court to recall its mandate and decide the new question as a part of the original appeal. The defendant having expressed a preference that the matter should be determined in this way, the application was granted and this hearing is upon the question so presented.

The policy sued upon is dated January 26, 1914, and contains the clause, "This policy is incontestable after one year from date of issue." The insured died November 9, 1914. This action was begun May 20, 1915. The insurance company had instituted no litigation in its own behalf and its first answer was filed October 16, 1915. The plaintiff contends that because of the failure of the defendant to contest the validity of the policy prior to January 27, 1915, it then became incontestable upon any ground, including that of fraud on the part of the insured in procuring it. The defendant claims that the death of the insured within a year from the date of the policy fixed the rights of the parties, and it could thereafter raise the issue of fraud in an action upon the policy whenever brought. It contends further that the clause of the policy quoted is inoperative because of the provision of the statute of limitations that, "Any agreement for a different time for the commencement of actions from the times in this act provided shall be null and void as to such agreement." (R. S. 60-306, subdiv. seventh.)

1. Upon the question whether all right to contest the validity of the policy expires if no action to that end has been taken within a year from its date, notwithstanding the insured has died within that

period, the weight of authority is so strongly in favor of the af-firmative as to be practically controlling. The cases bearing on the matter are collected in 37 C. J. 543, notes 84 and 86, and 31 A. L. R. 108, note.

In *Mutual Ins. Co. v. Hurni Co.,* 263 U. S. 167, the case annotated in the A. L. R. note just cited, the argument in support of the majority view is thus stated:

"The argument advanced in support of the second ground relied upon for reversal, in substance, is that a policy of insurance necessarily imports a risk, and where there is no risk there can be no insurance; that when the insured dies, what had been a hazard has become a certainty, and that the obligation then is no longer of insurance but of payment; that by the incontestability clause the undertaking is that after two years, provided the risk continues to be insured against for the period, the insurer will make no defense against a claim under the policy; but that if the risk does not continue for two years (that is, if the insured dies in the meantime) the incontestability clause is not applicable. Only in the event of the death of the insured after two years, it is said, will the obligation to pay become absolute. The argument is ingenious but fallacious, since it ignores the fundamental purpose of all simple life insurance, which is not to enrich the insured but to secure the beneficiary, who has, therefore, a real, albeit sometimes only a contingent, interest in the policy.

"It is true, as counsel for petitioner contends, that the contract is with the insured and not with the beneficiary, but nevertheless it is for the use of the beneficiary, and there is no reason to say that the incontestability clause is not meant for his benefit as well as for the benefit of the insured. It is for the benefit of the insured during his lifetime and upon his death immediately inures to the benefit of the beneficiary. As said by the supreme court of Illinois in *Monahan v. Metropolitan Life Ins. Co.,* 283 Ill. 136, 141:

" 'Some of the rights and obligations of the parties to a contract of insurance necessarily become fixed upon the death of the insured. The beneficiary has an interest in the contract, and as between the insurer and the beneficiary all the rights and obligations of the parties are not determined as of the date of the death of the insured. The incontestable clause in a policy of insurance inures to the benefit of the beneficiary after the death of the insured as much as it inures to the benefit of the insured himself during his lifetime. The rights of the parties under such an incontestable clause as the one contained in this contract do not become fixed at the date of the death of the insured.'

"In order to give the clause the meaning which the petitioner ascribes to it, it would be necessary to supply words which it does not at present contain. The provision plainly is that the policy 'shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue; not that it shall be incontestable after two years if the insured shall live, but incontestable without qualification and in any event." (p. 176.)

We accept the majority rule and hold that the death of the insured within a year of the date of the policy did not affect the force of the incontestability clause. Whether the death of the insured

within the year, where the policy is payable to his estate, would extend the time until an administrator could be appointed need not be here considered.

2. We discover no instance, save one (where the decision may have been influenced by another local statute), in which a court in its opinion has discussed and passed upon the direct question whether a clause making a policy incontestable after a fixed date is in conflict with a statutory provision invalidating an agreement undertaking to fix a time for the commencement of an action different from that of the statute of limitations. In several cases, however, the incontestable clause has been upheld in states having such a statutory provision, without anything being said about it in the opinion.

See *Plotner v. Northwestern Nat. Life Ins. Co.*, 48 N. D. 295; *Williams v. Insurance Co.*, 189 Mo. 70; *Harris v. Insurance Co.*, 248 Mo. 304.

The defendant quotes an opinion (unpublished) in *Russ v. Great Southern Life Insurance Company*, decided by the federal court of this district, in which the incontestability clause was upheld, no reference being made therein, however, to the Kansas statute concerning contracts affecting the limitation period, although it was invoked by the insurance company in its brief.

In *Citizens Life Ins. Co. v. McClure, &c.*, 138 Ky. 138, a clause making the policy incontestable after one year, where the second premium had been paid and the policy renewed, was held valid notwithstanding the statute allowed five years for the bringing of actions for relief from contracts procured by fraud, the court saying that statutes of limitation only apply to rights of action and not to defenses. No statute concerning agreements as to the time within which actions should be brought was involved.

In *Dibble v. Reliance Life Ins. Co.*, 170 Cal. 199, the incontestable clause was held not in conflict with a statute reading: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." (Civ. Code, Cal. § 1668.) Whatever analogy there may be between the question there determined and that now under consideration, it is obvious they are not the same.

In *Duvall v. National Insurance Co.*, 28 Idaho 356, annotated in

L. R. A. 1917E 338, the question involved was the validity of a clause making a policy incontestable *from its date,* in view of a statute making such policies incontestable after two years. The court held the clause to be valid. One member of the court dissented, and after stating his reasons for not accepting the views of the majority called attention also to a statute forbidding the shortening of the period of limitation by contract, which had not previously been referred to, doubtless because not regarded as being involved.

In the exceptional case referred to (*Metropolitan Life Ins. Co. v. Peeler,* 71 Okla. 238), the incontestable clause was held not to be in conflict with a statute invalidating agreements to limit the time within which rights may be enforced in the courts. A reason stated was that the statute was merely declaratory of the common law and therefore subject to the exception that it applies only where some principle of public policy is violated. In a part of the opinion published in 176 Pac. 939 and in 6 A. L. R. 441, but omitted in the official report, reliance was placed upon a further statute, of which we have no counterpart in Kansas, requiring life insurance policies "at least" to provide for incontestability after two years.

We are required, therefore, to reach a conclusion with but little aid from discussions of the precise question by other courts. By the weight of authority, as well as what appears to be the better reason, a clause declaring a policy incontestable after a stated time refers to a contest in court—by litigation—and not to a mere protest, offer to rescind, or notice of a claim of invalidity. (37 C. J. 540; 36 A. L. R. 1245, note.) This tends somewhat to support the view that the incontestable clause is a contractual change of the statute of limitations. The common practice of referring to the effect of the clause as a shortening of the period of limitation has something of the same tendency. Expressions of that kind for the most part, however, seem intended merely as a convenient method of designating such clauses without a purpose to pass upon their legal character. On the other hand, judicial expressions are to be found strongly supporting the position of the plaintiff, as, for example:

"It is incontestability of the policy, and not the limitation, that bars the defense. The parties to the contract of insurance in making it incontestable, as in the policy provided, did not substitute a shorter period of limitation for that provided by the statute. The stipulation has no reference to limitation, but to a waiver by the insurer." (*Citizens Life Ins. Co. v. McClure, &c.,* 138 Ky. 138, 147.)

"While incontestable clauses in insurance policies have been referred to by some of the decisions as a short statute of limitations, it is not such. It is a contractual limitation, and is not governed by principles applying to statutes of limitations." (*Humpston v. State Mutual Life Assur. Co.,* [Tenn.] 256 S. W. 438, 445.)

What is forbidden by the statutory provision invalidating "any agreement for a different time for the commencement of actions" from the times provided in the statute of limitations is the attempt to change by contract the period of limitation fixed by that statute. It is our judgment that a clause making a policy incontestable after a certain period is not of that character. A provision in a policy that action upon it must be brought, if at all, within one year of its accrual would of course be invalid by reason of the statute. (*Erickson v. Commercial Travelers,* 103 Kan. 831, 176 Pac. 989.) But suppose the clause in question had said, "This policy is incontestable unless within one year from its date the insurer serves written notice upon the insured or the beneficiaries that it claims to have been induced to issue it by fraudulent misrepresentations." This would clearly be a valid agreement for settling between the parties a possible issue of fact that might otherwise become a matter of controversy. The actual clause with which we are concerned differs from this supposed one in effect merely by substituting another method of keeping the issue open for a limited period—of preventing its being foreclosed prior to a time set. It is competent for the insurance company to agree that its liability on the policy shall be absolute from the beginning, notwithstanding any intentionally false statements that may have been made in the application. An agreement that the policy shall be incontestable after a certain time is substantially the same thing, with a condition or qualification incorporated allowing time for fuller investigation and inquiry. Instead of giving up its entire right to contest the policy, the company gives it all up except the right to challenge its validity within a year. The incontestability and the time limit are parts of the same stipulation. The one year does not represent a deduction of all but that much of the period of limitation, but the addition of one year to the date when the right of the insurer to contest the validity of the policy is to cease. The net result is an advantage to the insured, but the one-year portion of the clause is for the benefit of the insurer. Although in a literal sense the clause has to do with a different time for the commencement of an action from that specified in the statute of

limitations, we do not think it within the spirit and purpose of the enactment.

3. The defendant also suggests that the incontestability clause, apart from the statute just considered, is invalid as against public policy. A separate discussion of that phase of the matter seems unnecessary. We hold such objection to the validity of the clause not to be well taken, this view being in accordance with the weight of authority. (37 C. J. 539-540.)

4. On January 26, 1915, the defendant wrote and mailed a letter to the plaintiff saying: "The company denies any and all liability under this policy of insurance for reasons well understood by the parties interested, and in doing so reserves to itself all defenses to which it may be lawfully entitled under its contract." It is suggested that this should be regarded as a contest of the policy instituted within the year. Apart from any other objection to which this theory may be open, we hold it untenable on the ground already stated, *ante*, p. 27, that the incontestability clause requires the institution of a contest in court within the period fixed, either by the company bringing suit for affirmative relief, such as cancellation, or by its setting up a defense to an action to enforce the policy.

The mandate heretofore issued is withdrawn and our former order is so modified as to direct judgment for the plaintiff.