## HARNISCHFEGER SALES CORPORATION v. NATIONAL LIFE INS. CO.
### No. 5207.

Circuit Court of Appeals, Seventh Circuit.
Sept. 20, 1934.

Leo Mann and Arthur W. Coppin, both of Milwaukee, Wis., for appellant.

Edwin S. Mack, Arthur W. Fairchild, and Bert Vandervelde, all of Milwaukee, Wis. (Miller, Mack & Fairchild, of Milwaukee, Wis., of counsel), for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from an order enjoining appellant, the assignee of an insurance policy issued by appellee, from prosecuting an action started by it to recover the benefits of the policy in a state court of Minnesota.

Appellee filed a bill in equity August 21, 1933, in the District Court for the Eastern District of Wisconsin, praying that the court order the policy in suit to be surrendered for cancellation on the ground that it was pro-

cured by fraud. The bill set up the following facts: The policy was issued March 6, 1933, to one Alexander William Hog who assigned and transferred it to appellant on March 17, 1933. As a part of the application, on February 18, 1933, the insured made certain statements alleged by the insurer to be false. These statements were in response to the customary questions as to the state of the applicant's health, whether or not he had ever suffered from any disease of the heart or arteries, and whether he had had occasion to consult any physician professionally or go to any hospital for treatment, observation or diagnosis within the five years preceding the application, all of which questions the insured answered in the negative. The insurer claimed that in fact he had for some time been suffering from coronary sclerosis and a heart ailment which contributed to his death which occurred on June 10, 1933.

On August 18, 1933, appellee tendered to appellant the sum of $450.60, the amount paid by the insured as a premium on March 20, together with interest at the rate of six per cent. from that date, notifying appellant that it elected to rescind the policy. The tender was refused.

Appellee alleged that it was without adequate remedy at law by reason of the fact that the policy contained the usual provision as to incontestability after two years from its date of issue.

In answer, appellant stated that promptly upon learning of the death of the insured it delivered to the insurer proofs of death, and intended to file suit promptly if the claim were denied, and did file suit in Minnesota on September 29, 1933.

The District Court on March 28, 1934, granted the temporary injunction against the prosecution of the suit in the state court on the ground that such action would impair and defeat the jurisdiction of the federal court, and that appellee was entitled to the relief of the court of equity because it had no adequate remedy at law.

■ It is of course elemental, that courts of equity have never taken jurisdiction over suits where an adequate remedy could be had at law. Section 723 of the Revised Statutes (28 USCA § 384) which provides that suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law has been said to be merely declaratory of the existing law rather than establishing a new rule. Boyce's Executors v. Grundy, 3 Pet. 210, 7 L. Ed. 655. It was early settled that equity was not to use its power to order the cancellation of an insurance policy secured by fraud when the facts indicating that fraud could be used as a defense to a suit on the policy. Phœnix Mut. Life Insurance Company v. Bailey, 13 Wall. 616, 623, 20 L. Ed. 501. The Court there stated, "Courts of equity, unquestionably, have jurisdiction of fraud, misrepresentation, and fraudulent suppression of material facts in matters of contract, but where the cause of action is 'a purely legal demand,' and nothing appears to show that the defense at law may not be as perfect and complete as in equity, a suit in equity will not be sustained in a Federal court, as it is clear that the case, under such circumstances, is controlled by the sixteenth section of the Judiciary Act [28 US CA § 384]." This case was followed by the Court in Cable v. United States Life Insurance Company, 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188.

■ Both of these cases were decided before it became the custom to incorporate in policies of life insurance a clause limiting the period during which such policies could be contested except for non-payment of premiums. Since the advent of these incontestability clauses the rule seems to have been established that the mere fact that such limitation is included in a policy, rendering it impossible for the insurer to set up the facts concerning the fraud in any way after the contestable period has expired, constitutes the element of possible irreparable injury necessary to confer jurisdiction upon courts of equity to hear suits to cancel policies for fraud, and to enjoin actions brought in courts of law subsequent to the filing of the bill in equity for the purpose of recovering benefits under the policies. This results from the definition of the word "contest" adopted by a majority of the courts both federal and state, as a litigation, and requiring judicial action either by means of a suit in equity to cancel, or defense to a suit at law on the policy. See Jefferson Standard Life Insurance Company v. McIntyre (C. C. A.) 294 F. 886; Chun Ngit Ngan v. Prudential Insurance Company (C. C. A.) 9 F.(2d) 340; Northwestern Mutual Life Insurance Company v. Pickering (C. C. A.) 293 F. 496; Rose v. Mutual Life Insurance Company of New York (C. C. A.) 19 F.(2d) 280; Priest v. Kansas City Life Insurance Company, 119 Kan. 23, 237 P. 938, 41 A. L. R. 1100; Missouri State Life Insurance Company v. Cranford, 161 Ark. 602, 257 S. W. 66, 31 A. L. R. 93; American Trust Com-

pany v. Life Insurance Company of Virginia, 173 N. C. 558, 92 S. E. 706.

Appellant concedes that, although there are cases holding that an insurance company does not have a cause of action in equity to cancel a policy even where there is an incontestable clause because it has an adequate remedy at law, nevertheless the better rule is that in such cases the insurance company should have the right to bring an action in equity wherever the statute of limitations operating on the beneficiary's cause of action is longer than the incontestable period. It admits, therefore, that the District Court was right in holding that the bill of complaint stated a cause of action in equity. It argues, however, that inasmuch as both causes of action, namely, the insurer's in equity for cancellation, and the beneficiary's at law for recovery of the benefits, are strictly in personam, it follows that neither court has the right to enjoin the action in the other, but both should be allowed to proceed, and the judgment in the one completed first can then be set up in the other as a bar to further proceedings. It quotes at length from the opinion in Kline v. Burke Construction Company, 260 U. S. 226, 43 S. Ct. 79, 81, 67 L. Ed. 226, 24 A. L. R. 1077. In that case the respondent brought an action at law in a federal court for breach of a contract, asking for a money judgment. Petitioner later filed a bill in equity in a state court against respondent and a surety company as an additional party asking for an accounting and judgment for a certain sum. After a mistrial in the federal court law action, respondent filed a bill of complaint as a dependent bill to its action at law seeking to enjoin petitioners from prosecuting their equity action in the state court. The court there said:

"It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true. * * *

"This court in Covell v. Heyman, 111 U. S. 176, 182, 4 S. Ct. 355, 358, 28 L. Ed. 390, said:

" 'The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, * * * is a principle of comity; * * * but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent. * * * They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty. * * * The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues.' * * *

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. * * *

"The well-established rule * * * that where the action is one in rem that court—whether state or federal—which first acquires jurisdiction draws to itself the exclusive authority to control and dispose of the res, involves the conclusion that the rights of the litigants to invoke the jurisdiction of the respective courts are of equal rank. See Heidritter v. Elizabeth Oil-Cloth Co., 112 U. S. 294, 305, 5 S. Ct. 135, 28 L. Ed. 729. The rank and authority of the courts are equal, but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict.

924

The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter."

The court in the Kline Case held that since both parties sought money judgments both actions were in personam, and that jurisdiction in the one was not affected by the other, hence there was no basis for an injunction.

The question for our consideration, therefore, is whether appellee's equitable action in the federal court was an action in personam or in rem. If it is to be considered an action in rem, or quasi in rem, the restraining order was properly issued. If, however, the action is one in personam, the restraining order should not have issued.

In Hart v. Sansom, 110 U. S. 151, 3 S. Ct. 586, 588, 28 L. Ed. 101, the court said:

"Generally, if not universally, equity jurisdiction is exercised in personam, and not in rem, and depends upon the control of the court over the parties, by reason of their presence or residence, and not upon the place where the land lies in regard to which relief is sought. Upon a bill for the removal of a cloud upon title, as upon a bill for the specific performance of an agreement to convey, the decree, unless otherwise expressly provided by statute, is clearly not a judgment in rem, establishing a title in land, but operates in personam only, by restraining the defendant from asserting his claim, and directing him to deliver up his deed to be canceled, or to execute a release to the plaintiff. Langd. Eq. Pl. (2d Ed.) §§ 43, 184; Massie v. Watts, 6 Cranch, 148 [3 L. Ed. 181]; Orton v. Smith, 18 How. 263 [15 L. Ed. 393]; Vandever v. Freeman, 20 Tex. 334 [70 Am. Dec. 391].

"It would doubtless be within the power of the state in which the land lies to provide by statute that if the defendant is not found within the jurisdiction, or refuses to make or to cancel a deed, this should be done in his behalf by a trustee appointed by the court for that purpose. Felch v. Hooper, 119 Mass. 52; Ager v. Murray, 105 U. S. 126, 132 [26 L. Ed. 942]. But in such a case, as in the ordinary exercise of its jurisdiction, a court of equity acts in personam, by compelling a deed to be executed or canceled by or in behalf of

the party. It has no inherent power, by the mere force of its decree, to annul a deed or to establish a title."

It was held in Morris v. Runnells, 12 Tex. 175, and Vendever's Adm'rs v. Freeman, 20 Tex. 334, 70 Am. Dec. 391, cited in the Hart Case, that suits merely for the cancellation of contractual rights, obligations or choses in action are personal as distinguished from actions in rem, and can be supported only by personal service within the state.

In McCormick v. Blaine, 345 Ill. 461, 178 N. E. 195, 77 A. L. R. 1215, it was held that a proceeding in personam is one against the person which involves his personal rights and may involve his right to specific property or the exercise of the ownership of such property, but it is based on jurisdiction of his person. See, also, Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914; Austin v. Royal League, 316 Ill. 188, 147 N. E. 106; Woodruff v. Taylor, 20 Vt. 65.

As a rule, in decreeing cancellation, equity operates not in rem, but wholly in personam by working on the volition or conscience of the defendant. State ex rel. Barrett v. District Court of Pine County, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725; Allred v. Smith, 135 N. C. 443, 47 S. E. 597, 65 L. R. A. 924. See, also, New York Life Insurance Company v. Bangs, 103 U. S. 435, 26 L. Ed. 580; Id., 103 U. S. 780, 26 L. Ed. 608; Freeman v. Alderson, 119 U. S. 185, 7 S. Ct. 165, 30 L. Ed. 372; Brown v. Duffin (C. C. A.) 13 F.(2d) 708; Great North Woods Club v. Raymond (C. C. A.) 54 F. (2d) 1017.

The Supreme Court decisions upon which appellee relies, Prout v. Starr, 188 U. S. 544, 23 S. Ct. 398, 47 L. Ed. 584; Rickey Land & Cattle Company v. Miller & Lux, 218 U. S. 258, 31 S. Ct. 11, 54 L. Ed. 1032; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764, are not in conflict with the principles enunciated in Kline v. Burke Const. Co., supra. If there be a seeming inconsistency it is due to a difference in facts. Appellee relies upon certain other federal cases decided by the Fourth and Eighth Circuits as in some measure supporting its contention on somewhat analogous facts. It is quite obvious that in Peake v. Lincoln National Life Ins. Co. (C. C. A. 8) 15 F.(2d) 303, the facts are not analogous to those of the instant case; and the same may be said of Brown v. Pacific Mutual Life Insurance Company (C. C. A.) 62 F.(2d) 711, and of Jones v. Reliance Life Insurance Co. (C. C. A.) 11 F.(2d) 69, both

of the Fourth Circuit. If the facts in Jefferson Standard Life Insurance Co. v. Keeton (C. C. A. 4) 292 F. 53, can be said to be analogous to the facts in the instant case, then we can not follow that ruling, as it seems to be quite inconsistent with Kline v. Burke Const. Co., supra, and the other authorities hereinbefore set forth.

■ We do not question the inadequacy of appellee's legal remedy at the time its bill was filed, nor the District Court's jurisdiction of the subject matter of the bill at that time, nor its right to maintain and exercise that jurisdiction. These powers may be quite necessary to protect appellee's rights in case appellant should dismiss its action in the state court after the incontestable period has expired. We do, however, hold that appellee's action to cancel the policy is an action in personam and under the authorities cannot constitute a basis for enjoining appellant's action on the policy in the Minnesota court.

The rule as laid down by the Supreme Court provides that the judgment or decree first obtained may be pleaded as res adjudicata of the facts thus decided, in the court where the undecided case is then pending. We are not without doubt as to the relative rights of the parties in case both causes were decided differently at precisely the same time. This question, however, can only be pertinent, if at all, to the reasonableness of the rule which permits both actions to proceed at the same time. With the reasonableness of that rule we are not concerned.

The decree is reversed and the cause is remanded with instructions to dissolve the injunction, and for further proceedings not inconsistent with this opinion.