**DENSBY v. ACACIA MUT. LIFE ASS'N.**

No. 6334.

United States Court of Appeals for the District of Columbia.

Argued April 4, 1935.

Decided May 6, 1935.

Raymond M. Hudson and Minor Hudson, both of Washington, D. C., for appellant.

Roger J. Whiteford, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an action on an insurance policy, brought in the Supreme Court of the District December 9, 1931.

The policy was dated October 1, 1930, and was issued on the life of Marshall Otto Densby, then a resident of Chicago, Ill.

Appellee is an insurance company created by an act of Congress, with its head office in the city of Washington. Appellant is the beneficiary. The insured died the 6th of June, 1931. All due premiums had been paid, and the declaration alleged that proofs of death had been furnished the company in accordance with the terms and conditions of the policy. The declaration further alleged that the insurer had not within one year from the date of the issue of the policy contested its validity and effectiveness, and that the policy was, at the time the action was brought, incontestable under a clause providing: "This policy shall be incontestable after one year from date of issue except for nonpayment of premium."

Appellee (insurer) pleaded in defense of the action false and untrue answers by the insured in the application for the policy and, in answer to the claim of noncontestability, alleged that on September 8, 1931 (within the year), it had filed in the circuit court of Cook county, Ill., against appellant (beneficiary in the policy), a suit in equity to have the policy canceled and to obtain an injunction against suit thereon. Appellant's replication denied any jurisdiction in the Illinois court of the subject-matter or the parties, or that any summons or process was ever served upon appellant, and, further, alleged that at the time the suit was brought and prior thereto the appellant had removed from Illinois to Michigan and established a permanent residence

there, all of which was well known to appellee.

During the trial, the insurance company introduced a letter dated August 29, 1931, from its general counsel to the attorney of appellant in Detroit, Mich., from which it appears that the insurance company had seasonably tendered appellant a refund of the premiums paid on the policy, with interest, and had notified her of its refusal to pay the face of the policy. The letter confirmed its action in this respect.

At the conclusion of the trial, each party moved for a directed verdict, and the trial judge, in passing on the preliminary question of the right of the insurance company to contest on the merits, held that the institution of the Illinois suit was without effect, but that the letter of August 29, refusing to pay the policy, was a "contest" within the terms of the policy.

If we accept the former and reject the latter conclusion, we must reverse the judgment.

The proposition involves two queries: Was the Illinois equity suit a sufficient contest, and, if not, was the letter of August 29?

The record does not contain the transcript of the Illinois suit, and we are consequently unable to ascertain for ourselves what proceedings were there had; but we do find in the record a finding of fact and conclusion of law made by the court below to the effect that the record in the Illinois suit shows there was no personal service of process on appellant, no appearance, and no hearing on the merits of the case, and a further finding of fact that appellant was not, at the time of the institution of the suit, a resident of Illinois. In consequence, the lower court held the Illinois court without jurisdiction of appellant and the judgment in that suit without binding effect. If we accept this finding and conclusion as true, we should be obliged to hold, as the lower court held, that the bringing of the equity suit in the Illinois court was not controlling on the question we are discussing. A careful examination of the evidence discloses nothing on the subject, except appellant's own testimony that within a few weeks of her husband's death she gave up her apartment in Chicago and permanently moved her residence to Detroit, and advised the insurance company accordingly. That event occurred several months before the suit in Illinois was begun.

There is nothing to suggest that the change of domicile was fictitious or was made to evade process.

In these circumstances we think the instituting of the suit in Illinois subsequently, and when appellant was a resident of Michigan, had no binding effect on her. It is true the policy was written in Chicago and the insured resided there to the date of his death, but the suit to cancel the policy and destroy the rights of the beneficiary was an action in personam and not an action in rem, and could only be brought in the place of residence of the beneficiary or where personal service on her could be had. In Hart v. Sansom, 110 U. S. 151, 3 S. Ct. 586, 588, 28 L. Ed. 101, the Supreme Court said: "Generally, if not universally, equity jurisdiction is exercised in personam, and not in rem, and depends upon the control of the court over the parties, by reason of their presence or residence, and not upon the place where the land lies in regard to which relief is sought."

And, so far as we know, the nearly universal holding is that suits brought for the cancellation of contractual rights and obligations are personal actions and can be supported only by personal service. A policy of insurance is a chose in action. New York Life Ins. Co. v. Bangs, 103 U. S. 435, 26 L. Ed. 580; Id., 103 U. S. 780, 26 L. Ed. 608; Freeman v. Alderson, 119 U. S. 185, 7 S. Ct. 165, 30 L. Ed. 372; Brown v. Duffin (C. C. A.) 13 F.(2d) 708; McCormick v. Blaine, 345 Ill. 461, 178 N. E. 195, 77 A. L. R. 1215; Vandever's Adm'rs v. Freeman, 20 Tex. 333, 334, 70 Am. Dec. 391; Harnischfeger Sales Corporation v. National Life Insurance Co. (C. C. A.) 72 F.(2d) 921. And so, even if we should feel in doubt whether to accept the evidence and the court's finding that the beneficiary in the policy was a resident of Michigan and not of Illinois, when the suit was begun, there is still nothing in the record by which we can say that there was any constructive service on her which would give that court jurisdiction, or even any knowledge on her part of the pendency of the suit. We proceed, therefore, to answer the second query.

The lower court held that the letter apprising the beneficiary of the contest was sufficient to enable the insurance company to dispute the claim and contest the case on the merits.

The precise question has not previously been decided by this court, but we think the decision contrary to the overwhelming weight of authority elsewhere.

In Northwestern Mutual Life Ins. Co. v. Pickering (C. C. A. 5th) 293 F. 496, it was held that a clause in a life policy making it incontestable after one year imports a contest by litigation, and hence a mere notice of repudiation of the policy and tender back of premiums paid within the year is not such a contest, and does not extend the period of limitations. Jefferson Standard Life Ins. Co. v. McIntyre, 294 F. 886, decided subsequently by the same court, is to the same effect, as are also Scharlach v. Pacific Company (C. C. A. 5th) 9 F.(2d) 317, and New York Life Ins. Co. v. McCarthy (C. C. A. 5th) 22 F. (2d) 241.

In Chun, etc., v. Prudential Co. (C. C. A. 9th) 9 F.(2d) 340, it was said the rule is that the incontestable clause found in life insurance policies is in effect a short period of limitations, and that a policy can only be contested within the meaning of the clause by proceedings in court to which the insurer and the insured, or his representative or beneficiary, are parties.

In Peake v. Lincoln Co. (C. C. A. 8th) 15 F.(2d) 303, it is said that "contest," within the meaning of the provision of the clause in question, is confined to appropriate court proceedings within the time limited. See, also, New York Life Ins. Co. v. Hurt (C. C. A. 8th) 35 F.(2d) 92, to the same effect.

In Rose v. Mutual Co. (C. C. A. 6th) 19 F.(2d) 280, the question is discussed and the authorities reviewed at great length, and the conclusion reached that, under the noncontestable clause of the policy, a contest is not effectually inaugurated by a denial of liability, but only by resort to a court having the right and power to determine the validity of the policy.

In Harnischfeger Sales Corporation v. National Ins. Co. (C. C. A. 7th) 72 F.(2d) 921, the rule announced in the preceding cases is approved.

The state courts which have ruled on the question have, so far as we are able to determine, with the exception of Maryland and Pennsylvania, adopted the same rule. See Link v. Mutual L. Ins. Co., 234 Ill. App. 250; Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, 119 N. E. 68, L. R. A. 1918D, 1196; American Nat. Ins.

Co. v. Welsh (Tex. Civ. App.) 3 S.W.(2d) 946; Priest v. Kansas City Ins. Co., 119 Kan. 23, 237 P. 938, 41 A. L. R. 1100; Lavelle v. Metropolitan Ins. Co., 209 Mo. App. 330, 238 S. W. 504; Indiana Nat. Ins. Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192; Repala v. John Hancock Ins. Co., 229 Mich. 463, 201 N. W. 465; Reliance Life Ins. Co. v. Thayer, 84 Okl. 238, 203 P. 190; American Trust Co. v. Life Ins. Co., 173 N. C. 558, 92 S. E. 706; Thistle v. Equitable Soc., 149 Tenn. 667, 261 S. W. 667; Murray v. State Ins. Co., 22 R. I. 524, 48 A. 800, 53 L. R. A. 742; Killian v. Metropolitan Life Ins. Co., 251 N. Y. 44, 166 N. E. 798, 800, 64 A. L. R. 956. The principle on which the rule is made to rest is stated by Judge Cardozo in the last-named case. Speaking for the New York Court of Appeals, he said:

"We think a notice of rejection without more is not the beginning of a contest within the meaning of the contract. Much can be said in favor of a different holding. In the presence of ambiguity we adhere to the construction adverse to the insurer. Repudiation of a policy is notice that a contest will ensue if insured or beneficiary shall make attempt thereafter to enforce a claim of right. It is not a contest of itself. Repudiation before maturity (the subject of the contract being a policy of insurance) is not even such a breach as will sustain a remedy at law for the recovery of damages (Kelly v. Security Mut. L. Ins. Co., 186 N. Y. 16, 78 N. E. 584, 9 Ann. Cas. 661), though it may be the occasion for a declaratory judgment or other remedy in equity. Repudiation after maturity is a step closer to resistance, but it is not resistance by course of law. From the viewpoint of the law, a contest in its proper meaning is still the contestatio of the Romans, or something close thereto. The word is redolent of association with witnesses and writs. * * * Repudiation is, indeed, an act too uncertain, one resting too often in biased recollection, to be accepted as the equivalent of ordered battle in the courts. The value of a clause declaring a policy incontestable lies to no slight degree in the definiteness of the protection accorded to the holder. The good that it promises is in part a state of mind. * * * Alike for insured and for beneficiaries, there is to be the peace of mind that is born of definiteness and certainty. The clause, in effect, if not in form, is a statute of limitations, established

by convention, and like the statute is directed to remedies in court. Wright v. Mutual Ben. Life Ass'n [43 Hun, 61;. Id., 118 N. Y. 237, 23 N. E. 186, 6 L. R. A. 731, 16 Am. St. Rep. 749] supra.

"A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense. If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming liability. If insured and beneficiary hold back, preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in. equity to declare the policy annulled."

As against this long line of cases we have been able to find only two state court decisions to the contrary. In Stiegler v. Eureka Ins. Co., 146 Md. 629, 127 A. 397, the Court of Appeals of Maryland refused to follow the general rule, and in Feierman v. Eureka Ins. Co., 279 Pa. 507, 124 A. 171, 32 A. L. R. 646, it was assumed that any act on the part of the insurer to cancel, followed by notification to the insured or beneficiary, was sufficient.

We are, however, referred to the case of Mutual Life Ins. Co. v. Hurni Packing Co. (C. C. A.) 280 F. 18, affirmed by the Supreme Court 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, as authority for the position taken by the insurer, but a careful reading of that case shows that the question we are discussing was apparently not noticed or referred to in the briefs in the Supreme Court, and that court did not notice or refer in its opinion to the point. Apparently, in both the Court of Appeals and the Supreme Court it was taken for granted that the denial of liability was an act of contest and, without reference to that question, the judgment against the insurer was affirmed by the Supreme Court on the ground that more than two years had elapsed before any act of contest occurred.

The Eighth Circuit Court of Appeals, from which the case was appealed, has in at least two later decisions specifically held that there can be no "contest" except by judicial proceedings. See Peake v. Lincoln Co., 15 F.(2d) 303, 306.

In this state of the law, as established by decisions in the federal courts and nearly all the state courts in which the question has arisen, we think the rule contended for by appellant is now a part of the fixed and established insurance law of the country and while it may be true, as suggested by Judge Cardozo in the New York case to which we have referred, that much can be said in favor of a different holding, we are not disposed to pursue that thought by contributing anything to the unsettlement of a' rule so universally approved or to establish in this circuit a rule in conflict with the great weight of authority elsewhere.

Undoubtedly, cancellation of the contract is permitted for fraud in its procurement, but the fraud must be shown. It is not enough that it is asserted; it must be proved. By notice of cancellation, the insurance company raises an issue of fact to be settled only upon a decision of that issue in a court of proper jurisdiction. This rule is not one of hardship on the insurer. It is now universally admitted that a court of equity has jurisdiction to annul a policy of life insurance at the suit of the insurer. New York Life Ins. Co. v. Hurt (C. C. A.) 35 F.(2d) 92; Mutual Life Ins. Co. v. Wiegmann, 214 Mo. App. 54, 256 S. W. 505; Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886, and the cases cited above. In this view, no unreasonable .condition is imposed in insisting that, where the cancellation is not agreed to by the insured, the insurer should within the stipulated period commence a proceeding in which proof may be offered and a decision had in the only way recognized by the law as determinative of the issue.

From what we have said, it follows that the ruling of the lower court, to the effect that the letter-notice was sufficient to a hearing on the merits, requires us to reverse and remand for a new trial; and, in that view, it is unnecessary we should discuss the other assignments of error.

Reversed.