## DENNISON BRICK & TILE CO. et al. v. CHICAGO TRUST CO. et al.

(Circuit Court of Appeals, Sixth Circuit. February 9, 1923.)

No. 3609.

**1. Abatement and revival ⬯12—Courts ⬯493(1)—Pendency of action in personam in federal court does not abate action in state court; court first acquiring jurisdiction over res has exclusive jurisdiction.**

The pendency in a federal court of an action in personam is not ground for abating a subsequent action in a state court, or vice versa, each court being at liberty to proceed to final judgment, such judgment first rendered being binding on both parties; but where the action is one in rem, that court, whether state or federal, which first acquires jurisdiction over the res has exclusive authority to control and dispose of it.

**2. Courts ⬯493(3)—State court held to have acquired exclusive jurisdiction of matters concerning mortgage.**

By virtue of suit to quiet title, a state court took into its jurisdiction the land in question, and a federal court during its pendency had no jurisdiction to entertain a suit to foreclose a mortgage on the land, the object of the state court being to quiet title against such mortgage, especially where the state law involved is that of Ohio; the in rem nature of a decree in a suit to quiet title being indicated by Gen. Code Ohio, § 11590.

**3. Quieting title ⬯51—State court could subject land to payment of mortgage in suit to quiet title.**

In a suit in Ohio to quiet title as against a mortgage, the state court had jurisdiction in the same case to subject the land to payment of the mortgage, if found valid, by foreclosure and sale.

Appeal from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by the Chicago Trust Company and others against the Dennison Brick & Tile Company and another. Decree for plaintiffs, and defendants appeal. Reversed and remanded, with directions.

Smith W. Bennett, of Columbus, Ohio (Louis Welty, of New Philadelphia, Ohio, on the brief), for appellants.

Brooklyn Bridge, of Dennison, Ohio (Dawson & Dawson, of Chicago, Ill., and J. S. Hare, of Dennison, Ohio, on the brief), for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This appeal presents, at the threshold, a question of conflict of jurisdiction between state and federal courts. Appellant Sturgeon purchased at bankruptcy sale certain real estate in Tuscarawas county, Ohio, subject to certain purported liens thereon, which included a mortgage given by the bankrupt to appellee Prescott and the predecessor of appellee Chicago Trust Company, as trustees. Sturgeon entered into possession of the premises by virtue of this purchase, and thereafter began in the court of common pleas for Tuscarawas county an action under the Ohio statute (G. C. § 11,901), the pertinent provision of which we quote in the margin,[1] making defendants

---

[1] An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest.

the two mortgage trustees, as well as claimants of other liens, and asking that his title be quieted (among other respects) as against the trust mortgage in question, which petitioner alleged was wholly null and void for reasons set forth in the petition. The mortgage trustees being nonresidents of Ohio and not being found therein, petitioner proceeded to make service by publication, under section 11292 (9) of the Ohio Code, which provides for such service—

"in an action which relates to or the subject of which is real or personal property in this state, when the defendant has or claims a lien thereon, or an actual or contingent interest therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is not a resident of this state, or is a foreign corporation."

The mortgage trustees appeared, demurred, and answered, asserting the validity of the trust mortgage, also default in payment of interest and of a matured portion of the principal, declaring the entire of the principal due, and asking decree establishing the validity of the mortgage as a first mortgage lien on the premises, and for judgment against Sturgeon for the amount thereof, as well as for general relief. Certain beneficiaries under the mortgage were permitted to appear, and made answer, praying relief similar to that asked by the trustees.[2]

During the pendency of this suit to quiet title, and after the appearance of the mortgage trustees therein but before answer was filed, the trustees and beneficiaries began suit in the District Court below, in equity, for a foreclosure of the mortgage, making defendants (so far as here important) not only the bankrupt corporation and Sturgeon, but the appellant brick and tile company,[3] to whom Sturgeon had conveyed the premises pending the state court action to quiet title. A motion by Sturgeon, in the court below, to stay proceedings in the foreclosure suit until the final determination of the suit in the state court was denied, as was also his motion to dismiss the mortgage beneficiaries from the record as plaintiffs. The brick and tile company then answered, asserting the complete invalidity of the mortgage, and set up in bar of the foreclosure suit priority of jurisdiction over the subject-matter acquired by the state court in the then (and still) pending suit to quiet title. Since the joining of issue in the state court no further proceeding seems to have been taken therein. Hearing on pleadings and proofs was had in the foreclosure suit in the court below, and decree of foreclosure and sale made. This appeal is from that decree.

[1] In Kline v. Burke Construction Co., 43 Sup. Ct. 79, 67 L. Ed. ——, lately decided by the Supreme Court (and since the instant case was brought into this court), the distinction between actions *in personam* and actions *in rem*, as regards the effect of prior assertion of jurisdiction by state or federal courts is plainly pointed out, viz. that the pendency in a federal court of an action *in personam* is not ground for abating a subsequent action in a state court, or vice versa—each court being at liberty to proceed to final judgment, such

[2] The liens other than the mortgage lien are not involved here.

[3] The brick and tile company was substituted as petitioner in the suit in the state court in Sturgeon's stead, apparently after commencement of suit in the federal court.

judgment first rendered being binding upon both parties; but where the action is one *in rem,* that court, whether state or federal, which first acquires jurisdiction over the *res* has exclusive authority to control and dispose of it. Concretely stated, and as applied to the situation before us, "where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction." The Supreme Court there quotes the holding in Covell v. Heyman, 111 U. S. 176, 182, 4 Sup. Ct. 355, 358 (28 L. Ed. 390) that the rule just stated is, as between state courts and those of the United States, something more than comity. "It is a principle of right and of law, and therefore of necessity. It leaves nothing to discretion or mere convenience," and when the court "takes into its jurisdiction a specific thing, that *res* is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty."[4] As applied to the instant case, the controlling question is whether, by virtue of the suit to quiet title, the state court took into its jurisdiction a *res,* a thing, and not merely a personal suit involving no potential conflict of the authority and process of the respective courts.

[2] In our opinion the state court acquired exclusive jurisdiction of the subject-matter of this litigation. While the rule that priority of jurisdiction over the *res* gives exclusive jurisdiction is limited to actions which, speaking broadly, deal either actually or potentially with specific property or objects, yet the *res,* the subject-matter, is not necessarily a tangible thing; it may be merely a status, such as marriage, affected by a suit for divorce, or a proceeding to probate a will. The rule that the tribunal, state or federal, whose jurisdiction first attaches, holds it to the exclusion of the other until its duty is fully performed, and the jurisdiction involved is exhausted, applies to enforcement of liens against specific property, including the foreclosure of mortgages, and is not limited to cases where property has been actually seized under judicial processes before the second suit is instituted in another court. The test is jurisdiction over the *res,* not possession of the property. B. & O. R. R. Co. v. Wabash Ry. Co. (C. C. A. 7) 119 Fed. at page 680, 57 C. C. A. 322, cited and quoted from, with apparent approval, in Kline v. Burke Co., supra; Farmers' Loan & Trust Co. v. Lake St. R. R. Co., 177 U. S. 51, 61, 20 Sup. Ct. 564, 44 L. Ed. 667; Roller v. Holly, 176 U. S. at page 405, 20 Sup. Ct. 410, 44 L. Ed. 520. Nor are proceedings *in rem* limited to suits directly *against property.* As said in Penmoyer v. Neff, 95 U. S. 714, 734 (24 L. Ed. 565):

"In a larger and more general sense, the terms [proceedings *in rem*] are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein.[5] Such are cases * * * instituted to * * * foreclose a mortgage, or enforce a lien. So far as they affect property in the state, they are substantially proceedings *in rem* in the broader sense which we have mentioned."

---

[4] See, also, Ponzi v. Fessenden, 258 U. S. at page 261, 42 Sup. Ct. 309, 66 L. Ed. ——, also cited in Kline v. Burke Co. See, also, Palmer v. Texas, 212 U. S. 118, 125, 29 Sup. Ct. 230, 53 L. Ed. 435.

[5] All italics in this opinion are ours.

The substantial ground on which statutes providing for substituted service on nonresident defendants, in actions affecting real estate within the jurisdiction of the court, has been sustained is that such actions are *in rem*, or of that nature.[6]

In respect of classification as to proceedings *in rem* we can see no valid distinction in principle, on the one hand, between a proceeding to enforce a lien or foreclose a mortgage, and, on the other hand, to remove a lien or set aside a mortgage. Statutes of the latter character, equally with those of the former, act directly upon the *res*, the status of the title. Nor do we find any distinction upon authority. In Roller v. Holly, supra, a suit to enforce a vendor's lien, under a statute providing for substituted service on nonresident defendants, was impliedly held to be *in rem*. It was there said (176 U. S. 405, 20 Sup. Ct. 412, 44 L. Ed. 520) that the substance of certain decisions of the Supreme Court therein discussed is that "if the plaintiff be in possession, or have a lien upon land within a certain state, he may institute proceedings against nonresidents to foreclose such lien or to remove a cloud from his title to the land, and may call them in by personal service outside the jurisdiction of the court, or by publication, if this method be sanctioned by the local law." As said in Boswell's Lessee v. Otis, 9 How. 348 (13 L. Ed. 164):

"A bill for the specific execution of a contract to convey real estate is not strictly a proceeding *in rem*, in ordinary cases; but *where such a procedure is authorized by statute, on publication without personal service of process*, it is, substantially, *of that character.*" [7]

In Parker v. Overman (18 How. 137, 140, 15 L. Ed. 318), a proceeding under a statutory provision for service by publication, characterized by the court as "to quiet the title" and as "in substance a bill of peace," was likened to a proceeding *in rem*.[8] Both the Boswell and Parker cases are quoted from in Arndt v. Griggs, 134 U. S. 316, 323 et seq., 10 Sup. Ct. 557, 33 L. Ed. 918, where the statutes of several states are discussed in connection with the decision that the state has power to provide for quieting title to lands within its limits, and to acquire jurisdiction by constructive service against nonresidents.

The *in rem* nature of a decree rendered under the Ohio practice is further indicated by G. C. Ohio, § 11590, declaring that:

"When the party against whom a judgment for a conveyance, release, or acquittance is rendered, does not comply therewith by the time appointed, such judgment shall have the same operation and effect, and be as available as if the conveyance, release, or acquittance had been executed conformably thereto."

The decree of the court is thus made a muniment of title, as distinguished from a decree merely operating upon the person of a defendant, when the property is in another jurisdiction.

[6] As expressed in Pennoyer v. Neff, supra, at page 473: "Where the action is in the nature of a proceeding in rem."

[7] The instant case falls directly within the Ohio statute. G. C. § 11292 (9).

[8] In the instant case it is not material whether the state court proceeding was *in rem*, or of the nature of a proceeding *in rem*. Both terms are equally opposed to a proceeding *in personam*, requiring personal service of notice.

[3] In the instant case the state court had undoubted jurisdiction to quiet appellant's title to the land, and to declare appellees' mortgage void. It had equally undoubted jurisdiction in the same case to subject the land to the payment of the mortgage (if found valid) by foreclosure and sale. Fithian v. Corwin, 17 Ohio St. 118, 125. Clearly, the institution of the foreclosure suit in the federal court created a conflict of jurisdiction between the two courts. Normally, the necessity that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction "does exist in actions *in rem*." Kline v. Burke Co., supra. That in the instant case the institution of the foreclosure suit created a potential conflict between the processes of the respective courts is apparent from the consideration that if the state court should proceed under its jurisdiction, and should conclude that the mortgage is invalid, it might well deem it its duty to restrain by injunction any attempt by appellees or by the purchaser under the foreclosure decree to interfere with appellant's possession of the premises had when the jurisdiction of the state court was invoked, thus involving an actual and direct conflict of processes.

Our conclusion that the state court had exclusive jurisdiction to determine the validity of the mortgage renders a discussion of the merits of the controversy not only unnecessary, but improper.

The judgment of the District Court is reversed, and the record remanded to that court, with directions to take further proceedings therein not inconsistent with this opinion.