## BROWN et al. v. DUFFIN.

(Circuit Court of Appeals, Sixth Circuit. July 12, 1926.)

No. 4395.

**1. Receivers ⬅═16.**

Bill alleging that trustees, appointed by agreement to receive consideration for corporation's sale of assets and distribute it among stockholders, were threatened with multiplicity of suits and were about to resign, *held* to make good case in equity for receivership.

**2. Courts ⬅═316—Bill by nonresident for receivership, consented to by corporation, held not collusive.**

Bill for receivership by large nonresident stockholder, representing majority of beneficiaries of agreement for sale of corporation's assets and distribution of proceeds among stockholders, *held* not collusive effort to get jurisdiction into federal court, though corporation appeared and consented.

**3. Courts ⬅═493(1).**

As between state and federal courts having concurrent jurisdiction, if suit is one in which court must take possession of property to give relief, court first appealed to gets exclusive jurisdiction.

**4. Courts ⬅═493(1).**

Where suit is wholly in personam, jurisdiction of either state or federal court is not excluded by other, and suit may be prosecuted in each until one of them reaches final judgment, when it may be pleaded in bar.

**5. Courts ⬅═493 (3).**

Where suit in state court against liquidating trustees for accounting did not ask court to seize any property, it was up to that time a suit in personam, and did not bar general jurisdiction of federal court to appoint receiver, although prayer for relief would have supported receivership.

**6. Courts ⬅═506.**

Continuance of suit filed in state court for accounting by liquidating trustees before suit in federal court for receivership is not barred by federal receivership, although it must proceed strictly in personam for benefit of original plaintiffs.

Appeal from the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Suit by Charles E. Duffin against Sallie J. Brown and others. From an order granting a temporary injunction, defendants appeal. Modified and remanded.

The Old Dominion Oil Company, a Kentucky corporation, was to be wound up by consolidation with the Superior Oil Corporation, and three of the directors of the former corporation were, by agreement, made liquidating trustees thereof, in effect, though not in name. They were to receive the cash

and the stock of the Superior Corporation, which formed the consideration for the sale to it of the assets of the other corporation, and they were to pay the debts and distribute the money and stock among the stockholders. They did receive both money and stock, paid the recognized debts, distributed among the stockholders the minimum surplus cash, and were holding the stock and the remainder of the cash (if any there was) pending adjustment of large additional claimed indebtedness. At this point, five of the stockholders (Brown et al.) commenced suit in a state court by petition in equity against the three trustees, setting out the facts, and alleging that further additional distribution should have been made by defendants, that they have failed so to do, that their accountings rendered have been insufficient, and that plaintiffs are entitled to a full accounting. The petition thereupon prayed that these three defendants answer, and account for the receipt and disposition of such money and stock, and that upon such account the court render judgment against these three defendants as the right may appear. The bill also prayed for general relief. Process was duly served, and, pursuant to Kentucky Statutes, proceedings were had to take the depositions of the defendants, as if upon cross-examination.

Thereupon Duffin, a stockholder of the Old Dominion Company and a citizen of Illinois, filed in the court below the bill in this cause. It set up the same general situation, and stated the commencement of the state court proceedings. It made the Old Dominion Company also a party defendant. It alleged that the three liquidating trustees were threatened with a great multiplicity of suits and were about to resign, whereupon the trust would be left without trustees. It prayed the appointment of a receiver for the corporation, who should take over the trust of the liquidating trustees. The corporation filed an answer consenting, and a receiver was appointed. Later the plaintiff asked an injunction against the prosecution of the existing or further similar suits in the state court, and upon hearing a temporary injunction was allowed. This appeal is from that injunction order.

Ben F. Washer, of Louisville, Ky. (Fred Forcht and J. Wheeler Campbell, both of Louisville, Ky., on the brief), for appellants.

Ernest Woodward, of Louisville, Ky. (D. A. Sachs, Gifford & Steinfeld, and Woodward, Warfield & Hobson, all of Louisville, Ky., on the brief), for appellees.

W. Pratt Dale, of Louisville, Ky., amicus curiæ.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). Three questions are involved: (1) Whether the bill states a case justifying the receivership; (2) whether the bill is a collusive effort to get jurisdiction into the federal court; (3) whether the state court proceedings, by their priority in time, exclude the federal court remedy.

[1] 1. We see no reason to doubt that the bill makes a good case in equity for a receivership, and for the usual degree of exclusive jurisdiction in the receivership court over collateral controversies. The corporation had voluntarily discontinued business, although its corporate existence continued; all its assets were in the hands of the liquidating trustees; they were about to resign and leave at large what were in substance the corporate assets. The case was entirely suitable for a receivership; no more appropriate means existed for appointing a successor trustee. The fact that the trustees were, in precision, trustees for the stockholders, and not for the corporation, is not matter of substance.

[2] 2. We find no collusion, as that term is defined in this connection. The plaintiff in the receivership suit was a large stockholder or beneficiary of the trust, and it now appears that he represented the very large, if not the overwhelming, majority of those beneficiaries. He was a citizen of Illinois, and if he preferred to bring his suit in the federal court he had the right to do so; his motives are not important. Having this right, the consent of the defendants that it should be there placed, and that a receiver be appointed by that court, does not make collusion. Toledo v. Toledo Rys. (C. C. A. 6) 259 F. 450, and cases cited on page 456.

[3, 4] 3. The question of the exclusive effect of the proceedings in the state court is a close and troublesome one, and depends upon their precise character and effect. Without discussing the authorities in detail, we think the established principles are that, as between state and federal courts having concurrent jurisdiction, if the suit is clearly one in which the court must take possession of the property in order to give the relief asked, the court which is first appealed to by commencement of suit gets exclusive jurisdiction (Dennison Co. v. Chicago Co. [C. C. A. 6] 286 F. 818, 820); while, if the

suit is wholly in personam, there is no exclusion of one by the other, and no obstacle exists to the prosecution of either until one of them reaches the stage of final judgment, whereupon it may be pleaded in bar in the other (Kline v. Burke Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077). A test, perhaps the invariable one, whether a suit is primarily in rem or in personam seems to be whether it may be wholly prosecuted by substituted service under section 57 of the Judicial Code (Comp. St. § 1039).

[5] There is, however, a third class of suits, in which, though the custody of property is not essential to attain the object of the suit, yet during the progress of the case such custody may become necessary or desirable, as collateral to the full measure of relief, which was primarily sought in personam. These cases are only inchoately in rem, and the exclusive jurisdiction dates either from the actual taking of possession, or, at the earliest, from some specific request that the court do take possession. We put the Brown state court case in this class. It did not ask that the court seize any property. A judgment in equity that defendant first account, and then pay over, is a judgment in personam. Yet it showed a body of property with the trustees, for which a receivership might well be later advisable, and the prayer for general relief would have supported such a result. Hence it was, up to the time of filing the federal bill, a suit in personam, and did not bar the general jurisdiction of the federal court.

Nor did the federal receivership necessarily bar the continuance of the state court accounting suit. A proceeding for accounting by the trustees, and payment over to their successor, the receiver, is so far collateral to the receivership, and, if in another court, so likely to embarrass the receivership administration, that no more such suits should be brought after the receiver is appointed; but, under the principles involved, it is not so wholly and necessarily collateral that a suit in personam, rightly planted, can be superseded, in so far as the rights of the parties have been already fixed.

[6] It results that the Brown Case may proceed in the state court, strictly in personam, by and for the sole benefit of its original plaintiffs and those other stockholders, if any, who had accepted its invitation and joined as plaintiffs before the receivership. While the Brown case was initially a class suit, its assumption of an open representative character was ended by the appointment of an official representative for all stockholders, effective as to all who had not already accepted the Brown invitation, and even as to them in all matters except the personal accounting up until that date.

It follows that this Brown suit and any accounting proceeding which may be instituted by the receiver may proceed concurrently in matters in personam. The books and papers are in control of the federal court, but it will doubtless permit their reasonable use as evidence in the state court. The effect of any final judgment, as an adjudication, is not now involved.

The decree below should be modified in accordance with this opinion, and the case is remanded for further appropriate proceedings. Appellants will recover costs of this court.