## GREAT NORTH WOODS CLUB v. RAYMOND, District Judge.

### No. 5895.

Circuit Court of Appeals, Sixth Circuit.

Dec. 21, 1931.

Altheimer & Mayer, of Chicago, Ill., for Great North Woods Club.

Chilton P. Wilson, of Chicago, Ill., and Mark Norris, of Grand Rapids, Mich., for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

A policy was issued by the insurance company upon the life of Callahan, payable to the Great North Woods Club, as beneficiary. It contained the customary provision that it would be incontestable after two years from the date of issue (September 26, 1927). Callahan having died, suit was commenced in a state court in Illinois by the beneficiary against the insurer. Just before the expiration of the two-year period, the insurer filed a bill in an equity court in Illinois, asking that the policy be canceled, and basing equity jurisdiction upon the incontestable clause [the jurisdiction sustained by us in New York Life v. Seymour, 45 F.(2d) 47, 73 A. L. R. 1523]. The reasons urged for cancellation were that the insurance contract was beyond the power of the insurance company, and that the beneficiary had no insurable interest in the life of the insured. Shortly thereafter, but after the two-year period, the beneficiary discontinued its Illinois suit upon the policy, and brought a similar action in the United States Court for the Western District of Michigan. The insurance company pleaded in defense to this action the same two grounds of invalidity upon which it had based its Illinois equity suit. When it appeared that the decree in the Illinois case might at any time destroy the basis of the suit in the federal court, and would be binding as an adjudication, Judge Raymond made an order staying this suit until the Illinois equity suit should be decided. By the present mandamus proceeding it is sought to have this stay order vacated.

The questions involved are two: Was the Illinois equity case so far a suit in rem that jurisdiction must be yielded to that court? Was the stay of proceedings, if not obligatory, yet within the discretion of the trial judge?

There is plausibility in the thought that the insurance contract itself and its status constitute a res which will support appurtenant jurisdiction. This seems to have been assumed in Perry v. Young, 133 Tenn. 522, 182 S. W. 577, L. R. A. 1917B, 385, and some New Jersey cases and Giblin v. North Wisconsin Co., 131 Wis. 261–269, 111 N. W. 499, 120 Am. St. Rep. 1040, are also cited in support. The last one related to a county warrant; the New Jersey cases to the ownership of corporate stock; all were brought in the home jurisdiction of the corporation, and they are plainly distinguishable. On the other hand, in Kline v. Burke Co., 260 U. S. 226, 230, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, the real controversy was as to the status and effect of the contract. The equity suit alleged that the contract had become broken for the reasons stated, and the same reasons formed the defense against the action on the contract in the other court. It was pointed out that a controversy is not a thing, and both suits were held to be in personam. See, also, our decisions in Brown v. Duffin, 13 F. (2d) 708, 709; Dennison Co. v. Chicago, 286 F. 818, 820.

■ We conclude that the Illinois equity suit was not such a proceeding in rem or quasi in rem as to bar the jurisdiction of the United States District Court in Michigan.

■ Where two courts are merely different divisions of the same sovereignty, and though the earlier suit is not a bar to the latter, it may well be within the limits of discretion to delay the second suit until the first is disposed of; but, where the federal court has jurisdiction of parties and of subject-matter, it is usually true that the plaintiff in that court has an absolute right to have his case in that jurisdiction proceed to trial, and that there is no discretion to stay that action, pending the result of an earlier one in the state court. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762. True,

in that case, the suit in the state court was not between the same parties and would not have been an adjudication in the federal court; but in Defiance Co. v. Defiance, 100 F. 178, Judge Severens, in the Circuit Court, refused to delay, under circumstances generally similar to these here involved; and in City of Ironton v. Harrison Co., 212 F. 353, this court evidently thought plaintiff had an absolute right to proceed in the federal court, in spite of an earlier suit pending in the state court. This rule of absolute duty to proceed does not seem to be modified, except as indicated in Kansas City Southern v. U. S., 282 U. S. 760, 51 S. Ct. 304, 75 L. Ed. 684, and in Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520. In the former case, the two suits involved were in different United States District Courts. It was held within the discretion of one of these courts to stay its proceeding until the decision in the other court—and this for the reasons stated in the opinion; but the Langnes Case, at page 541 of 282 U. S., 51 S. Ct. 243, 247, points out that the discretion in this respect must not be so exercised as to prevent each suitor from pursuing, in state or in federal court, the right of action which state or federal laws give to him in that court. It is a paraphrase of this result to say here that the beneficiary has an absolute right to pursue its remedy in the federal court, and that this action should not be stayed while the adversary is prosecuting a countersuit in the state court.

We conclude that Kansas City Southern v. U. S., does not indicate any applicable exception to the rule of McClellan v. Carland, and that, accordingly, the stay order now in controversy should not have been made. Doubtless no formal writ of mandamus will be necessary, but we assume that the stay order specified in the petition will be vacated, and that the cause will proceed to trial in the District Court.