### FIRST NAT. BANK OF COLUMBUS, GA., et al. v. CHARLES BROADWAY ROUSS, Inc., et al.

### No. 6672.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1932.

490

H. C. McCutchen, T. Leslie Bowden, and Geo. C. Palmer, all of Columbus, Ga., for appellants.

H. H. Swift, J. Q. Davidson, and Theo J. McGee, all of Columbus, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

On April 12, 1932, appellants, the First National Bank of Columbus, Ga., and the Home Savings Bank of Columbus, Ga., each brought a suit in the superior court of Muscogee county, Ga., seeking the foreclosure of a security deed, dated December 28, 1931, covering a described city lot, and alleged to have been given to it to secure a stated debt; the petition in the suit of the first mentioned bank alleging that the secured note to it was executed by C. E. Westbrook Realty Company, a Georgia corporation (herein referred to as the realty company), and Mrs. Emma Westbrook, as executrix of the last will and testament of C. E. Westbrook, deceased, the two makers of such note being made defendants to that suit; and the petition in the suit of the other bank alleging that the secured note to it was executed by the realty company, Mrs. Emma Westbrook, as executrix of the last will and testament of C. E. Westbrook, deceased, and Mrs. Emma Westbrook, individually, the three makers of such note being made defendants to that suit. After those suits were brought the appellee, Charles

Broadway Rouss, Inc., a New York corporation, brought this suit in the court below, against the realty company, Emma T. Westbrook, Almand J. Westbrook, Dorothy T. Westbrook, and the appellants, the First National Bank of Columbus and the Home Savings Bank of Columbus. The bill in this suit alleged the institution of the above-mentioned suits by the appellant banks. That bill contained allegations to the following effect: In April, 1931, Emma T. Westbrook, Almand J. Westbrook, and Dorothy T. Westbrook became indebted to the plaintiff in this suit, appellee here, in the sum of $58,053.25, evidenced by interest-bearing notes dated April 15, 1931, to secure which the makers of such notes pledged to plaintiff 67,000 shares of the total 90,000 shares of the capital stock of the realty company, the entire assets of which consisted of the real estate described in the above-mentioned security deeds executed to the appellant banks. At the time of the execution of the above-mentioned security deeds to the appellant banks the officers of the realty company were Almand J. Westbrook, president, and Dorothy T. Westbrook, secretary, and its board of directors consisted of said Emma T. Westbrook, Almand J. Westbrook, and Dorothy T. Westbrook. At that time the realty company was not indebted to either of said banks, and received no consideration, those security deeds being executed to secure debts to said banks, respectively, of the individuals who respectively signed the notes which the security deeds purported to secure. The realty company had no power under the terms of its charter to become responsible in any way for the debts of individuals which said security deeds purported to secure. At the time those security deeds were executed and delivered appellant banks had notice and knowledge of the above-mentioned pledge to plaintiff of said 67,000 shares of the capital stock of the realty company. The appellant banks fraudulently conspired and agreed with said Emma T. Westbrook, Almand J. Westbrook, Dorothy T. Westbrook, and the realty company to cause said security deeds to be executed for the purpose of securing the alleged indebtedness of the individuals who, respectively, signed the notes purported to be secured, for which debts the realty company was in no way responsible, and thereby said defendants, through the said conspiracy, caused the realty company to convey for other than its own indebtedness all of its unincumbered property to said banks, to the irreparable injury and damage of the plaintiff, appellee here. That bill contained prayers to the effect: That said

security deeds to appellant banks be decreed to be null, void, and of no effect; that said banks, their officers and directors be enjoined and commanded to surrender and deliver their respective security deeds into court, in order that the same may be canceled; that said banks, and each of them, their officers, agents, servants, and employees be enjoined and restrained from foreclosing said security deeds, and from proceeding to prosecute any pretended rights arising out of said security deeds in any court; and that, pending a final decree, the court appoint a receiver to take possession and control of the assets and property of the realty company. Upon the filing of the bill, the court appointed a temporary receiver as prayed for. After answers to the bill had been filed by the two banks and the realty company, which answers put in issue material allegations of the bill, the court, after a hearing under an order that defendants in the case show cause why the order appointing a temporary receiver therein should not be continued in force, and why the defendants should not be temporarily restrained and enjoined pursuant to the prayer of the bill of complaint, made an order or decree which, after ratifying and confirming the previously made order appointing a receiver of the property of the realty company and ordering that the previously appointed receiver be continued as receiver of the realty company, with all the powers theretofore conferred on him as such receiver, until the further order of the court; and that said receiver continue in possession of the property of the realty company, "* * * ordered that the defendants, The First National Bank of Columbus, Georgia, and The Home Savings Bank of Columbus, Georgia, and each of them, their officers, agents, servants, employees, and anyone acting by or through or for them, are hereby enjoined and restrained, until final hearing and decree in this cause, from seizing or attempting to seize in any proceeding in any Court any of the property of the C. E. Westbrook Realty Co. now in the possession of the Receiver of this Court, and from prosecuting to judgment in any Court any pretended right alleged to arise under the respective Security Deeds held by said Banks against any property now in the possession of the Receiver of this Court, and from interfering in any way with the possession of the Receiver of any of the property of the C. E. Westbrook Realty Co." The two banks and the realty company appealed from the decree, after the other defendants in the suit had indicated their purpose not to join in an appeal and had been granted a severance.

A necessary effect of the decree appealed from was to interfere with the exercise by the state court of its jurisdiction in the two foreclosure suits which had been brought therein by the appellant banks and were pending when the instant suit was brought in the court below. By this suit the plaintiff therein, appellee here, claiming that the execution and existence of the two security deeds to appellant banks wrongfully affected or impaired plaintiff's rights as pledgee of stock of the realty company, sought to have those instruments annulled and canceled. In so far as the instant suit brought into question the validity of the two security deeds it raised issues which the state court, by virtue of its first-acquired jurisdiction, was empowered to hear and determine, without interference by a court whose jurisdiction, which as to such issues was concurrent, was later invoked. It was for the state court, and that court alone, to pass on the question of the validity of the security deeds set up and sought to be foreclosed therein. The right of the state court to pass on that question was not affected by the circumstance that it had not, prior to the institution of this suit, taken actual possession of the property described in the security deeds. The rule that the possession of the res vests the court which has first-acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being prevents other courts of co-ordinate jurisdiction from exercising a like power, is not "restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected." Farmers' Loan & T. Co. v. Lake Street Elevated Railroad Company, 177 U. S. 51, 61, 20 S. Ct. 564, 568, 44 L. Ed. 667. The situation dealt with in the just cited case is strikingly similar to the one presented in the instant case. It appeared in the cited case that, after a trustee under a mortgage or deed of trust had brought in one court a suit for the foreclosure of that instrument, the maker of that instrument brought suit in another court seeking the removal of

the trustee under that instrument because of the alleged legal incompetence of such trustee, and that such trustee be enjoined from instituting or prosecuting any proceeding for the foreclosure of the instrument. It was decided in the cited case that the court in which the later suit was brought was not entitled to interfere with the prosecution of the foreclosure suit earlier brought in the other court, though the property which was the subject of the foreclosure suit had not been actually seized under process in that suit. In the opinion in that case it was recognized that the foreclosure suit necessarily involved the right of the complainant trustee to act as such. It is equally true that the validity or enforceability of an instrument is necessarily involved in a suit which seeks to enforce asserted rights under it. The two suits in the state court, having been brought to enforce conditional titles to specific property conveyed to secure debts—the direct object being to reach and dispose of property owned by a party to each of the suits—were of a nature similar to those enumerated in the above set out quotation from the opinion in the cited case, and those suits are within the rule stated and applied in the cited case. It is apparent that a foreclosure suit is such a one that the court in which it is brought, in the exercise of the jurisdiction invoked, may be required to assume possession and control of the property to be affected by the granting of the relief sought. The decision in the cited case has been followed or approved in subsequent cases. Harkin v. Brundage, 276 U. S. 36, 44, 48 S. Ct. 268, 72 L. Ed. 457; Dennison Brick & Tile Co. v. Chicago Trust Co. (C. C. A.) 286 F. 818, 820; Bryan v. Speakman (C. C. A.) 53 F.(2d) 463. That in such a situation as the one disclosed in the instant case the first-acquired jurisdiction of the court in which the foreclosure of an instrument covering specific property was sought could not properly be interfered with by another court in which a later suit challenging that instrument was brought was recognized in the opinion of this court in the case of Empire Trust Co. v. Brooks, 232 F. 641, 644, which was invoked by counsel for the appellee.

It was suggested in argument of counsel for the appellee that the right of the appellants to complain of the interference by the court below with the exercise by the state court of the latter's jurisdiction of the foreclosure suits brought in it was affected by the provision of the Georgia statute that:

"In cases * * * where a deed to secure a debt has been executed, and the * * * secured debt has been reduced to judgment by the * * * holder of said debt, the holder of the legal title * * * shall * * * make and execute to said defendant in fi. fa. * * * a quitclaim conveyance to such * * * property, and file and have the same recorded in the clerk's office; and thereupon the same may be levied upon and sold as other property of said defendant." Georgia Code 1926, § 6037. The just quoted provision is part of an article of the Code with reference to "Levy and Sale Where Defendant Has Not Legal Title." Nothing in that provision indicates that compliance with it was intended to be made a prerequisite to the attaching of a court's jurisdiction of a suit brought for the foreclosure of a security deed. Though compliance with that provision may be required of a plaintiff in such a writ, it seems that such compliance could be required during the pendency of the suit, after the rendition of a judgment or decree therein foreclosing the right or title of the maker of the security deed sought to be foreclosed. We are of opinion that the attaching of the state court's jurisdiction of the foreclosure suits brought in it was not dependent upon compliance with such a provision as the quoted one with reference to levy and sale under judicial process.

We conclude that the court below erred in its decree ordering the receiver appointed by it to continue in possession of the property of the realty company, and enjoining and restraining the appellant banks from prosecuting to judgment in any court any right alleged to arise under the security deeds sought to be foreclosed in the suits brought by the appellant banks in the superior court of Muscogee county, Ga., prior to the institution of this suit.

That decree is reversed.