## VACUUM OIL CO. v. LAND TITLE GUARANTY & TRUST CO. et al.
### No. 6792.

Circuit Court of Appeals, Sixth Circuit.

Dec. 6, 1935.

C. W. Sellers, of Cleveland, Ohio (Thompson, Hine & Flory, of Cleveland, Ohio, on the brief), for appellant.

John W. Eckelberry, of Cleveland, Ohio (John W. Bricker, of Columbus, Ohio, and Charles F. Carr, of Cleveland, Ohio, on the brief), for appellees.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appellant, Vacuum Oil Company, Inc., a New York corporation, filed its bill in equity in the District Court for the Northern District of Ohio against the Land Title Guaranty & Trust Company, and the Guardian Trust Company, Ohio corporations, and Ira J. Fulton, superintendent of banks of the state of Ohio, and Frank J. Hanrahan, residents of Ohio.

Appellant alleged that subsequent to December 23, 1932, it, as assignee, acquired, with full right of ownership and possession, all the assets of Great Western Oil Company, including $35,000 in money; that the Great Western Company had deposited this money with the Guaranty Title & Trust Company as escrow agent, to be used by it in the completion of an escrow agreement by which the Great Western Company was to acquire title to certain real estate; that on or about February 15, 1933, the escrow with all rights, duties, and liabilities in connection therewith, was transferred to the Land Title Guaranty & Trust Company, herein called the Title Company, which then became escrow agent in place of the Guaranty Company, and received the money and deposited it in its name with the Guardian Trust Company, herein called the Guardian Company.

The bill averred that the money was identified upon the records of the Guardian Company as an account containing moneys deposited with the Title Company by its clients for use in connection with escrows wherein the Title Company was the escrow agent; that the Guardian Company, possessed full knowledge of the nature, purpose, and identity of the funds; that subsequent to the deposit of the money with the Title Company the escrow was canceled and the duties of the escrow agent terminated except to return the escrow agreement and the money; that the Title Company had wholly failed and refused, upon demand, to account for and return the money; that appellant had made demand upon appellees, Fulton, superintendent of banks of the state of Ohio, and Hanrahan, liquidator, who were in charge of the liquidation of the Guardian Company, for its return and had filed with them an affidavit setting forth the facts as alleged in the bill and that these appellees had refused the demand.

The bill "prayed for an order requiring the defendants, and each of them, to account for and pay over to plaintiff said money in the sum of Thirty-five Thousand Dollars ($35,000.00); that an accounting be had; and that plaintiff be granted such other and further relief as it is in equity and good conscience entitled."

The court sustained appellees' motion to dismiss the bill on the ground that "the federal courts will not assume jurisdiction in the liquidation of state banks under control of statutory officers." We think the motion should have been overruled. Aside from the question here involved, the jurisdiction of the District Court is beyond doubt. The suit was one in equity between citizens of different states, and the matter in controversy exceeded the value of $3,000. The question here is whether the averments of the bill were such as would require the court to relinquish its jurisdiction.

We are not here concerned with the rule of comity between state and federal courts for it is not averred that any suit relating to the subject-matter of the bill was pending in any state court. Appellees urge that the District Court was required to surrender its jurisdiction by reason of the averment that Fulton as superintendent of banks of Ohio, and Hanrahan as liquidator, were in possession and control and in charge of the liquidation of the assets of the Guardian Company by virtue of section 710—89 et seq., of the Ohio General Code. Appellees maintain that various provisions thereof confer upon the Ohio courts of common pleas exclusive jurisdiction to entertain and determine all controversies arising out of the proper settlement and liquidation of insolvent banks. It is argued that under such circumstances the District Court should stay its hand out of proper regard for the statute referred to.

We need not determine whether the Ohio statute is adequate for complete relief to appellant. Assuming that it is, we do not think that it affects the District Court's jurisdiction over appellant's cause of action. Briefly stated, this statute provides a comprehensive scheme for the liquidation of insolvent banks by the state superintendent of banks; it authorizes him to take possession of the business and property of an insolvent bank, to make an inventory of its assets and a list of the claims against it, to collect all debts due to it, to pay all incidental expenses, to declare and pay dividends to depositors and after liquidation to distribute any remaining proceeds proportionately among the stockholders. All these provisions are effected by proceedings in the nature of proceedings in rem. The sole object is the proper custody and equitable distribution of the assets.

The theory of appellant's bill is fundamentally different. It contains no specific prayer that the court take custody of the assets of the Guardian Company or interfere with the possession thereof by the superintendent of banks. It does not seek to wind up the Guardian Company or to halt its liquidation under the statute. Whether the prayer for general relief might in the progress of the case be made the basis for such request is not before us. The action is purely one in personam. National Sur. Co. v. Austin Machinery Corporation, 35 F.(2d) 842, 843 (C.C.A.6). In Brown v. Duffin, 13 F.(2d) 708, 710, we said: "A judgment in equity that defendant first account, and then pay over, is a judgment in personam." See, also, Amos v. Trust Co. of Florida, 54 F.(2d) 286, 288 (C.C.A.5). The court may proceed with the accounting prayed for and a final adjudication thereon without interfering with the general administration by the superintendent. Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664; Fidelity Nat. Bank v. Swope, 274 U.S. 123, 132, 47 S.Ct. 511, 71 L.Ed. 959; Brown v. Duffin, supra. See, also, the following analogous cases: Hess v. Reynolds, 113 U.S. 73, 77, 5 S.Ct. 377, 28 L.Ed. 927; Payne v. Hook, 7 Wall. (74 U.S.) 425, 19 L.Ed. 260; Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Ingersoll v. Coram, 211 U.S. 335, 359, 29 S.Ct. 92, 53 L.Ed. 208; Hall v. Cottingham, 55 F.(2d) 664 (C.C.A.4), wherein it is uniformly held that where diversity of citizenship and the amount in controversy exists, a federal court has jurisdiction against an executor or administrator upon a claim alleged to be due by the testator or intestate notwithstanding the general administration of the assets in the probate court of the state.

In support of their contention, appellees urge the holding in the case of Pennsylvania v. Williams, 294 U.S. 176, 55

478

S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166. It is inapplicable. There a shareholder in a Pennsylvania Building & Loan Association, for himself and other shareholders, filed his bill in the District Court for Eastern Pennsylvania in which he alleged the insolvency of the association, prayed that it be liquidated, that receivers be appointed, and that an injunction issue restraining creditors and others from interfering with or taking possession of its property. A statute then in force provided .a complete scheme for liquidation of insolvent building and loan associations by the state secretary of banking. The District Court appointed receivers over the objection of the commonwealth. The Supreme Court held that the receivers should be discharged and the possession of the property surrendered to the secretary, upon the principle that a federal court sitting in equity would be slow to exercise its jurisdiction when unnecessary interference with the lawful action of state officers would be involved. The gist of the controversy was of course the rival contentions of the State and District Court over the possession of the res and the right to administration. As indicated above, appellant here seeks neither.

For the error indicated, the decree will be reversed, and the case remanded for further proceedings. The result is not to be anticipated except to say that we assume that a decree rendered upon the accounting against the superintendent will by him be accorded full faith and credit in the administration of the assets of the Guardian Company.