**J. Robert D. SMITH and Betty Newland Smith, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 13309.**

United States Court of Appeals Sixth Circuit.

April 9, 1958.

Rehearing Denied May 30, 1958.

Robert P. Goldman, Cincinnati, Ohio, Robert P. Goldman, Harry Stickney, Leonard S. Meranus, Paxton & Seasongood, Cincinnati, Ohio, on brief, for appellants.

S. Dee Hanson, Washington, D. C., Charles K. Rice, Lee A. Jackson, A. F. Prescott, George F. Lynch, Washington, D. C., Sumner Canary, Cleveland, Ohio, Clarence M. Condon, Toledo, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, MILLER, Circuit Judge, and MATHES, District Judge.

MATHES, District Judge.

Appellants, husband and wife, appeal from a judgment of the District Court decreeing foreclosure of appellee's tax lien on real property situate in Erie County, Ohio, claimed by reason of assessments for appellant J. Robert D. Smith's 1942 and 1943 income taxes.

The land involved had been acquired by appellant Robert Smith, through inheritance upon the death of his mother, after the assessment lists had been received by the Collector [Int.Rev.Code of 1939 § 3671, 26 U.S.C.A. (I.R.C.1939) § 3671], and was conveyed by warranty deed for allegedly valuable consideration to appellant Betty Smith some two years prior to the filing of the Collector's notice of tax lien with the Recorder of Erie County [id. §§ 3670, 3672], although this deed was not recorded until after recordation of the Collector's notice.

It appears from the record that shortly after commencement of the lien-foreclosure action in the District Court [Int. Rev.Code of 1939, § 3678; 28 U.S.C. § 1345], appellants as defendants moved to

stay the proceedings upon the grounds: that appellant Betty Smith as plaintiff had previously commenced in the Court of Common Pleas of Erie County, Ohio, an action to quiet title and for other equitable relief "with respect to the same property and involving the same federal tax lien"; that the United States was made a party defendant and served with process in this previously filed state-court action [28 U.S.C. § 2410], but made no effort to remove the state-court case to the District Court [id. § 1444]; and that appellants would be subjected to undue harassment unless the federal-court action might be stayed pending determination of the state-court action to quiet title as against the identical tax lien.

The United States did not oppose the motion to stay proceedings, and the District Court granted the motion. Shortly thereafter the Government filed a "motion to place cause on active list and require defendants to answer complaint."

The District Court's memorandum directing that this motion be granted "insofar as the defendant J. Robert D. Smith is concerned" stated that there was "no reason at this stage of the proceedings * * * to require the defendant Betty Newland Smith to meet the issue involving her deed of conveyance in this Court at this time." Thereupon the District Court ordered that the lien-foreclosure action "be placed on the active list insofar as the defendant J. Robert D. Smith is concerned, and that said defendant answer the complaint filed in this cause."

In due course appellant Robert Smith filed his answer to the lien-foreclosure complaint. The case was then submitted to the District Court for decision upon a stipulated statement of facts, and the District Court's memorandum of decision awarding judgment in favor of the Government states that the case was so submitted along with the complaint, "the answer of defendant J. Robert D. Smith * * * and the briefs of plaintiff and the defendant J. Robert D. Smith." [146 F.Supp. 105.]

However the findings of fact, conclusions of law, and judgment treat the case as if defendant Betty Smith, too, had appeared and litigated the lien-foreclosure action along with her husband. Apparently because all counsel overlooked it, no mention is made of the fact that appellant Betty Smith had never been called upon even to answer the Government's complaint, or indeed of the fact that as to her all proceedings in the federal-court action remained—and for all that appears still remain—stayed by the earlier order of the District Court.

As Mr. Chief Justice Hughes observed for the Court in United States v. Bank of New York & Trust Co., 1936, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331: "The principle, applicable to both federal and state courts, that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted. It applies as well * * * in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property. * * * If the two suits are *in rem* or *quasi in rem*, so that the court must have possession or control of the *res* in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other." 296 U.S. at page 477, 56 S.Ct. at page 347.

The settled rule which has risen on the foundation of this principle is that whichever court, state or federal, first obtains constructive possession of property in the exercise of its jurisdiction, is entitled to retain control of that property without interference from the other. Harkin v. Brundage, 1928, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Farmers' Loan & Trust Co. of New York v. Lake Street Elevated R. Co., 1900, 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667; Hagan v. Lucas, 1836, 10 Pet. 400, 403, 35 U.S. 400, 403, 9 L.Ed. 470.

In Dennison Brick & Tile Co. v. Chicago Trust Co., 6 Cir., 1923, 286 F. 818,

822, upon applying the rule just stated in a situation closely analogous to that presented in the case at bar, this Court declared: "Our conclusion that the state court had exclusive jurisdiction to determine the validity of the [lien] renders a discussion of the merits of the controversy not only unnecessary, but improper." 286 F. at page 822; see also: First Nat. Bank of Columbus, Ga., v. Charles Broadway Rouss, Inc., 5 Cir., 1932, 61 F.2d 489, 492, certiorari denied, 1933, 287 U.S. 670, 53 S.Ct. 314, 77 L.Ed. 577; Davis v. Mabee, 6 Cir., 32 F.2d 502, 504, certiorari denied, 1929, 280 U.S. 580, 50 S.Ct. 33, 74 L.Ed. 630; cf. Great North Woods Club v. Raymond, 6 Cir., 1931, 54 F.2d 1017.

Here the judgment of the District Court, in addition to decreeing that the tax claims against appellant Robert Smith constitutes a valid lien against the real property which is the subject of the earlier state court quiet-title action, also decrees that the tax lien is a first lien on that real property, and orders the property "be sold by the U. S. Marshal at public auction.  *  *  *"

To paraphrase what this Court said in the Dennison Brick case, supra: The State court has undoubted jurisdiction to quiet title to the land in question, and to declare appellee's tax lien void if appellant Betty Smith was a "purchaser" within § 3672 of the Internal Revenue Code of 1939 [28 U.S.C. § 2410]; and the State court has equally undoubted jurisdiction in the same quiet-title action to subject the land to payment of the tax lien, if found valid, by foreclosure and sale [id. § 2410(c)].

■ Since the State court has prior jurisdiction over the real property against which the tax lien is asserted, and the Government appears to have elected, by eschewing removal [28 U.S.C. §§ 1444, 2410], to litigate the matter in the State court, the District Court in the first instance properly stayed further proceedings, and such a stay as to both defendants Smith should be continued in force pending determination of the prior state-court action.

Accordingly the findings of fact, conclusions of law and judgment of the District Court are vacated, and the cause remanded for further proceedings not inconsistent with this opinion.

On Appellee's Petition for Rehearing

PER CURIAM.

Appellee's petition for rehearing asserts that we have "disregarded entirely the Government's argument  *  *  * that the Common Pleas Court of Erie County, Ohio, lacked jurisdiction over the United States" in the quiet title action pending in that court.

The argument said to have been disregarded is to the effect that § 3679(a) of the Internal Revenue Code of 1939 [26 U.S.C. § 3679(a)(1952)] requires the consent of the Commissioner under § 3679(a)(1), or the United States District Court under § 3679(a)(2) and (3), as a condition precedent to the maintenance of the state-court action to quiet title as against the claimed tax lien of the United States.

■ In our view the plain language of the statute itself disposes of any contention that § 3679 rules state-court jurisdiction over the person of the defendant, United States of America. For the applicability of § 3679(a)(1) is expressly limited to "Any person having a lien upon or any interest in the real estate  *  *  * notice of which has been duly filed of record  *  *  * prior to the filing of notice of the [tax] lien of the United States  *  *  * or any person purchasing the real estate at a sale to satisfy such prior lien or interest  *  *  * ." 53 Stat. 450 (1939).

■ With equal clarity the language of 28 U.S.C. § 2410, grants sovereign consent to the quiet-title action in the State court by declaring that "the United States may be named a party in any civil action  *  *  * in any State Court having jurisdiction of the subject matter, to quiet title to  *  *  * real or personal property on which the United States has or claims a mortgage or other lien." 62 Stat. 972 (1948). Admittedly

the Court of Common Pleas of Erie County, Ohio, is a State court of general jurisdiction, and it is equally beyond dispute that the real property in controversy is situate in Erie County. Presumably, then, the State court has jurisdiction of the subject matter. Cf. Seattle Ass'n of Credit Men v. United States, 9 Cir., 1957, 240 F.2d 906, 908; Wells v. Long, 9 Cir., 1947, 162 F.2d 842.

The petition for rehearing asks "that the opinion be modified to leave to the state court the right to determine its jurisdiction over the United States." It is unnecessary to modify the opinion in order for the State court to be apprised that this Court does not here decide any challenge which may be made in the State court to jurisdiction "over the United States."

The petition also urges that the judgment of the District Court should in all events be affirmed "insofar as it upheld the Government's claim for federal taxes against J. Robert Smith." In support of this it is argued that: "There is no inherent reason why the adjudication of the liability of the debtor *in personam* may not be had in some court other than that which has control of the *res.*" Riehle v. Margolies, 1929, 279 U.S. 218, 224, 49 S.Ct. 310, 313, 73 L.Ed. 669.

Ordinarily, that is so. But here it appears that appellant Betty Smith is the wife and grantee of, and represented by the same attorneys as appellant Robert Smith. Without intending to intimate any view as to the merits of any issue remaining to be litigated, the facts just stated suggest the possibility that a final judgment *in personam* against Robert might afford the basis for invoking the doctrine of res judicata to work a bar or a collateral estoppel to prevent Betty from litigating the statute of limitations issue in the light of the Attorney General's letter of July 16, 1947. See First Nat. Bank of Chicago v. Com'r, 7 Cir., 112 F.2d 260, certiorari denied 1940, 311 U.S. 691, 61 S.Ct. 72, 85 L.Ed. 447.

To permit the District Court's *in personam* judgment against appellant Robert Smith to become final might well, then, convert into a hollow formality the day in court which the reversal here is intended to gain for appellant Betty Smith. Cf. Coe v. Armour Fertilizer Works, 1915, 237 U.S. 413, 424, 35 S.Ct. 625, 59 L.Ed. 1027; Hart v. United States, 8 Cir., 1953, 207 F.2d 813, certiorari denied 1954, 347 U.S. 919, 74 S.Ct. 519, 98 L.Ed. 1074.

Appellee's petition for rehearing is denied.